UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY J. DELANEY,

      Petitioner,

                                 CASE NO. 2:07-CV-13441
v.                                 JUDGE PAUL D. BORMAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

JEFFREY WOODS,

      Respondent.[1]
_____/

## REPORT AND RECOMMENDATION

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.     *Procedural History*

1.     Petitioner Wesley J. Delaney is a state prisoner, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan.

2.     On January 9, 2006, petitioner was convicted of two counts of assault with intent to commit great bodily harm, MICH. COMP. LAWS § 750.84, pursuant to his guilty plea in the Antrim County Circuit Court. On February 13, 2006, he was sentenced as a third habitual offender to a term of 8-20 years' imprisonment.

3.     Petitioner, through counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

---

[1] By Order entered this date, Jeffrey Woods had been substituted in place of Blaine Lafler as the proper respondent in this action.

> I. THE TRIAL COURT ERRED IN REFUSING TO CORRECT CHALLENGED INFORMATION IN THE PRESENTENCE REPORT AND REMAND FOR CORRECTION OF THE PRESENTENCE REPORT, AND/OR RESENTENCING IS REQUIRED.
>
> II. THE TRIAL COURT ERRED IN SCORING TEN (10) POINTS UNDER OFFENSE VARIABLE ONE, TEN (10) POINTS UNDER OFFENSE VARIABLE FOUR, AND FIFTH (50) POINTS UNDER OFFENSE VARIABLE SEVEN BASED ON DISPUTED INFORMATION WHICH DID NOT SUPPORT THE SCORING AND RESENTENCING IS REQUIRED.
>
> III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO VACATE THE HABITUAL THIRD WHICH WAS BASED ON A PRIOR MISDEMEANOR AND REVERSAL IS REQUIRED.

Initially, in lieu of granting leave to appeal, the court of appeals vacated petitioner's sentence and remanded the matter for resentencing as a second habitual offender, and denied the application for leave to appeal in all other respects. *See People v. Delaney*, No. 272225 (Mich. Ct. App. Oct. 17, 2006) (order). The court subsequently granted the prosecutor's motion for rehearing, concluding that petitioner was properly sentenced as a third habitual offender, and denied petitioner's application for leave to appeal in a standard order "for lack of merit in the grounds presented." *People v. Delaney*, No. 272225 (Mich. Ct. App. Dec. 11, 2006) (order).

      4. Petitioner sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Delaney*, 478 Mich. 870, 731 N.W.2d 727 (2007).

      5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on July 16, 2007. As grounds for the writ of habeas corpus, he raises the three claims that he raised in the state courts.

      6. Respondent filed his answer on February 28, 2008. He contends that petitioner's

claims are without merit or not cognizable on habeas review.

       7.       Petitioner filed a reply to respondent's answer on March 24, 2008.

B.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court

to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the

4

decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.      *Analysis*

Petitioner contends that the trial court erred in scoring three offense variables, that his sentence was based on inaccurate information, and that the trial court improperly sentenced him as a third habitual offender. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.      *Scoring of Offense Variables*

Petitioner first contends that the trial court erred in scoring three offense variables under the Michigan sentencing guidelines. This claim is not cognizable on habeas review.

To the extent petitioner contends that the guidelines were improperly scored and that the Michigan Court of Appeals failed to correctly apply Michigan law to his sentencing claims, petitioner's claims are not cognizable on habeas review. A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored the guidelines range raises an issue of state law that is not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797

5

(E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his claims challenging the trial court's scoring of various offense variables.

2.   *Inaccurate Information*

Related to his guidelines scoring claims, petitioner also argues that he was sentenced based on inaccurate information, invoking the rule established in *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972). In both of those cases, "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim petitioner "must show that the sentencing court actually relied

6

on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Petitioner contends that the trial court erred in scoring various offense variables, because the evidence relied upon by the trial court was disputed. However, this is insufficient to establish that he was sentenced on the basis of material false information in violation of his right to due process under *Townsend* and *Tucker*. Petitioner merely disagrees with the factual findings made and inferences drawn by the trial judge. However, as the Court made clear in *Townsend*, an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741. "Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story." *United States v. Von Saltzer*, 532 F. Supp. 584, 586 (D. Nev. 1982). Here petitioner, through counsel, objected to the scoring of the offense variables and presented his version of the facts. The trial judge, based on the information available, drew inferences from the facts and made factual findings. While petitioner disputes those findings, he has offered nothing to show that they were materially false. Thus, he has failed to establish a due process violation under *Townsend*, and the Court should conclude that petitioner is not entitled to habeas relief on this claim.

    3.    *Habitual Offender Sentence*

Finally, petitioner contends that he was improperly sentenced as a third habitual offender,

when he should have been sentenced as a second habitual offender. Petitioner does not contest that he had one prior felony conviction, subjecting him to an enhanced sentence as a second habitual offender. Petitioner does dispute, however that he had a second prior conviction subjecting him to an enhanced sentence as a third habitual offender. The second conviction relied upon by the trial court was a conviction for attempted resisting and obstructing a police officer. Petitioner contends that this conviction was for a misdemeanor which is not treated as a prior felony conviction under Michigan's habitual offender statutes. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

First, as with petitioner's guidelines scoring claims, petitioner's claim that the trial court improperly considered his attempted resisting and obstruction charge a predicate felony for purposes of the habitual offender statute is a state law determination which is not cognizable on habeas review. "The determination by a state of what constitutes a prior felony conviction under its Multiple Offender Act presents no federal question." *United States ex rel. Nersesian v. Fay*, 239 F. Supp. 142, 143 (S.D.N.Y. 1965); *see also*, *Layton v. South Dakota*, 918 F.2d 739, 742 (8th Cir. 1990); *Jones v. Painter*, 140 F. Supp. 2d 677, 679 (N.D. W. Va.), *aff'd*, 20 Fed. Appx. 187 (4th Cir. 2001).

Second, even if the claim were cognizable, petitioner cannot show that his sentence as a third habitual offender was improper. Under the Habitual Offender Act, a defendant is subject to sentence as a third habitual offender if he "has been convicted of any combination of 2 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state[.]" MICH. COMP. LAWS § 769.11(1). However, the term "felony" as used in the act is not coterminous with a crime's

8

designation as a "felony" under the Penal Code. The Habitual Offender Act is part of the Code of Criminal Procedure, which provides that "'[f]elony' means a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." MICH. COMP. LAWS § 761.1(g). Thus, as the Michigan Supreme Court has explained, a crime designated as a misdemeanor in the Penal Code may nonetheless be considered a "felony" for purpose of the habitual offender statute if it permits a sentence of imprisonment for more than one year. *See People v. Smith*, 423 Mich. 427, 443-46, 378 N.W.2d 384, 391-93 (1985). Here, at the time of his conviction resisting and obstructing a police officer was designated by the Penal Code as a misdemeanor, but it carried a possible sentence of up to two years imprisonment. *See* MICH. COMP. LAWS ANN. § 750.479 (Historical notes).[2] And, because resisting or obstructing an officer carried a potential penalty of up to two years' imprisonment, regardless of its designation as a misdemeanor by the Penal Code it constitutes a predicate felony for purposes of the habitual offender statute. *See People v. DeLong*, 128 Mich. App. 1, 4, 339 N.W.2d 659, 660 (1983). Accordingly, there was no error in sentencing petitioner as a third habitual offender, and the Court should conclude that petitioner is not entitled to habeas relief on this claim.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny

---

[2]In 2002, the statute was amended to provide that resisting and obstructing is now a felony. Except when accompanied by certain aggravating circumstances, the maximum penalty remains imprisonment for up to two years. *See* MICH. COMP. LAWS § 750.479(2).

petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                 s/Paul J. Komives
                                                 PAUL J. KOMIVES
                                                 UNITED STATES MAGISTRATE JUDGE

Dated: 3/23/09

```
```

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 23, 2009.
>
> s/Eddrey Butts
> Case Manager